PS 8
(3/15)

# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Aug 06, 2025**

SEAN F. MCAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Vickers, David Allen | Docket No. | 0980 1:23CR02052-SAB-1 |

**Petition for Action on Conditions of Pretrial Release**

  COMES NOW Kyle Mowatt, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant, David Allen Vickers, who was placed under pretrial release supervision by the Honorable Chief U.S. District Judge Stanley A. Bastian sitting in the court at Yakima, Washington, on the 29th day of July 2025, under the following conditions:

**Special Condition No. 9:** Home Detention: Defendant shall be restricted to his/her residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment.

**Special Condition No. 7**: Defendant shall submit a random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing this is required as a condition of release.

  RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Conditions of release were reviewed and signed by Mr. Vickers on July 29, and 30, 2025, acknowledging an understanding of his pretrial release conditions.

**Violation No. 1:** Mr. Vickers is alleged to be in violation of his pretrial release conditions by deviating from approved leave granted by the probation officer, while under the location monitoring program, on August 1, 2025.

On August 2, 2025, this officer reviewed Mr. Vickers' location monitoring Global Positioning System (GPS) data for the previous day using the BI Total Access (BI) location monitoring system. According to the data, Mr. Vickers was stationary at the following locations on August 1, 2025, without approval:

- 205 South 16th Avenue, Yakima, Washington, from 1:11 p.m. to 1:25 p.m.
- 512 Keys Road, Yakima, Washington, from 3:40 p.m. to 3:53 p.m.
- 109 South 6th Street, Yakima, Washington, from 4:53 p.m. to 5:28 p.m., and 5:47 p.m. and 5:59 p.m.

On August 4, 2025, this officer spoke Mr. Vickers to inquire about his presence at these addresses without prior approval. Mr. Vickers explained he visited 205 South 16th Avenue because that is where his sponsor resides, and he believed he had permission, though he later realized he did not. He stated he stopped in front of 512 Keys Road because his father's vehicle was having problems. Lastly, Mr. Vickers mentioned he went to the National Alliance on Mental Illness at 109 South 6th Street to complete paperwork for the Social Security office.

Mr. Vickers was not approved to be at any of these locations. This officer reminded him that he must obtain prior approval for any travel outside of his residence. Mr. Vickers acknowledged this and agreed to comply with the requirement in the future.

**Violation No. 2**: Mr. Vickers is alleged to be in violation of his pretrial release conditions by deviating from approved leave granted by the probation officer, while under the location monitoring program, on August 2, 2025.

**Re: Vickers, David Allen**
**August 5, 2025**
**Page 2**

On August 3, 2025, this officer reviewed Mr. Vickers' GPS location monitoring data for the previous day in BI. According to BI, Mr. Vickers was observed stationary on August 2, 2025, in the alley next to 1101 West Yakima Avenue #115, Yakima, Washington 98902, from 1:41 p.m. to 1:52 p.m, and then he returned to the same location from 3:31 p.m. to 3:37 p.m. Mr. Vickers was not approved to be at that address.

This officer spoke Mr. Vickers on August 4, 2025, to inquire why he was at that location without prior approval. Mr. Vickers explained he had gone to the alley to pick up cardboard boxes for packing up his house. Initially, he believed he had permission to be there, but quickly realized he did not. This officer reminded Mr. Vickers he needed to obtain prior approval for any travel outside of his residence. Mr. Vickers acknowledged this and agreed to comply with the requirement in the future.

**Violation No. 3**: Mr. Vickers is alleged to be in violation of his pretrial release conditions by failing to provide a urinalysis as directed on August 5, 2025.

On August 5, 2025, at approximately 8 a.m., United States Probation Officer (USPO) Casey and this officer visited Mr. Vickers' house to conduct a home inspection and collect a urinalysis (UA). Mr. Vickers stated he was unable to provide a UA at that time. This officer directed Mr. Vickers to report to the probation office this same date at 9:30 a.m. to provide a UA. Mr. Vickers mentioned he would drink water and his father would provide transportation to the probation office.

Later, Mr. Vickers contacted this officer to reschedule his appointment, explaining he was still waiting for his father to take him to the office. He eventually reported to the probation office at approximately 10:19 a.m. Upon arrival, Mr. Vickers attempted to provide a UA several times but stated he was unable to do so due to medical issues.

Noticing that Mr. Vickers was in pain, this officer asked if he wanted the ambulance called or to contact his father to pick him up and take him to the emergency room at Memorial Hospital. Mr. Vickers requested to have his father drive him to the emergency room. This officer allowed Mr. Vickers to use the phone to reach his father, who agreed to come and pick him up. USPO Casey and this officer then escorted Mr. Vickers to his father's vehicle. Mr. Vickers agreed to contact this officer once he found out how long he would be at Memorial Hospital.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

|  |  |
|---|---|
|  | I declare under the penalty of perjury that the foregoing is true and correct. |
|  | Executed on: August 5, 2025 |
| by | s/Kyle Mowatt |
|  | Kyle Mowatt<br>U.S. Pretrial Services Officer |

PS-8

**Re: Vickers, David Allen**
**August 5, 2025**
**Page 3**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this
       petition with the other violations pending before the
       Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

*Alexander C. Ekstrom*
_____
Signature of Judicial Officer

8/6/2025
_____
Date