UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2025

SEAN F. McAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Vickers, David Allen | Docket No. | 0980 1:23CR02052-SAB-1 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Kyle Mowatt, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant, David Allen Vickers, who was placed under pretrial release supervision by the Honorable Chief U.S. District Judge Stanley A. Bastian sitting in the Court at Yakima, Washington, on the 29th day of July 2025, under the following conditions:

**Special Condition No. 7**: Defendant shall submit a random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing this is required as a condition of release.

**Special Condition No. 8 GPS Monitoring**: Defendant shall participant in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation, In the event Defendant does not respond to location monitoring or cannot be found, probation shall immediately notify the Court. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Conditions of release were reviewed and signed by Mr. Vickers on July 29, and 30, 2025, acknowledging an understanding of his pretrial release conditions.

**Violation No. 4**: Mr. Vickers is alleged to be in violation of his pretrial release conditions by consuming a controlled substance, methamphetamine, before August 7, 2025.

On August 7, 2025, at approximately 8:12 a.m., this officer contacted Mr. Vickers by telephone to inquire about when he would be able to report to the probation office for a urinalysis (UA). Mr. Vickers stated he would get ready and arrive shortly.

Around 9:16 a.m., this officer called Mr. Vickers again to check on his status. Mr. Vickers mentioned he was waiting for his father but assured this officer he would arrive at the probation office before 9:45 a.m. Mr. Vickers ultimately arrived at approximately 9:39 a.m. He provided a UA, which showed an inconsistent line for methamphetamine. The UA was packaged in front of Mr. Vickers for shipment to the lab for further testing. A few minutes later, Mr. Vickers admitted he had relapsed on Friday, August 1, 2025, by consuming methamphetamine. He also signed an admission form confirming his use of methamphetamine on that date. Mr. Vickers was directed to remain in the probation office lobby until this officer returned to retrieve him.

Shortly thereafter, United States Probation Officer (USPO) Casey observed Mr. Vickers exiting the third floor of the probation office and directed him to remain seated on a bench on the first floor. Instead of following directions, Mr. Vickers left the building and was seen smoking outside. USPO Casey approached Mr. Vickers and instructed him to return to the building once he had finished smoking.

Re: Vickers, David Allen
August 7, 2025
Page 2

At this point, Mr. Vickers ran away from USPO Casey, heading down South 3rd Street toward East Yakima Avenue. USPO Casey contacted this officer regarding Mr. Vickers' unauthorized departure from the building. A few minutes later, this officer received alerts from BI Total Access (BI) indicating a GPS strap tamper at 11:23 a.m., and a tracker proximity tamper at 11:24 a.m. These alerts suggested the GPS device had been removed from Mr. Vickers' leg. According to BI mapping, the GPS unit was stationary at 402 East Yakima Avenue, Yakima, Washington. This officer confirmed with BI that the device belonged to Mr. Vickers, identified by its serial number. With the assistance of a court security officer, we were able to successfully recover the GPS tracker.

**Violation No. 5**: Mr. Vickers is considered to be in violation of his pretrial release conditions by removing his GPS location monitoring device without permission on August 7, 2025.

Please refer to narrative found in Violation Number 4.

    PRAYING THAT THE COURT WILL ORDER A WARRANT AND WILL INCORPORATE THE ABOVE
    VIOLATION WITH VIOLATIONS PREVIOUSLY REPORTED TO THE COURT

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: August 7, 2025

by s/Kyle Mowatt

Kyle Mowatt
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

*Alexander C. Ekstrom*

Signature of Judicial Officer

8/7/2025

Date