FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALLEN VICKERS,<br><br>Defendant. | No. 1:23-cr-02052-SAB-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON POST-CONVICTION PRESENTENCE RELEASE PETITIONS AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 68** |

On Monday, August 25, 2025, Defendant made an initial appearance for post-conviction, presentence release violations in Petitions filed on August 6, 2025 (ECF No. 59, Violation Nos. 1–3) and August 7, 2025 (ECF No. 62, Violation Nos. 4–5). Defendant was represented by court-appointed attorney Rick Hernandez. Assistant United States Attorney Bree Black Horse represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

Rick Hernandez, a member of the Criminal Justice Act Panel, was previously appointed to represent Defendant, and that appointment was affirmed.

At the hearing, the United States moved for detention (ECF No. 68). Defendant admitted to Violation Nos. 1–5 (ECF Nos. 59, 62). Specifically,

ORDER - 1

Defendant admitted to deviating from approved leave for travel on two occasions, failing to provide a urinalysis testing sample, consuming methamphetamine, and removing his GPS location monitoring device without permission.  The Court finds Defendant's admissions are knowing, voluntary, and intelligent.  The Court finds Defendant violated the terms of post-plea, presentence release.

Defendant, personally and through counsel, waived the right to a detention hearing pursuant to 18 U.S.C. § 3143(a).  The Court detained Defendant pursuant to 18 U.S.C. § 3148 after finding (1) clear and convincing evidence that Defendant violated conditions of § 3142 release, and (2) both that "there is no condition or combination of conditions of release that will assure that [Defendant] will not flee" and Defendant "is unlikely to abide by any condition or combination of conditions of release."  § 3148(b).

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 68**) is **GRANTED**, and Defendant's conditions of post-conviction, presentence release are **REVOKED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant

ORDER - 2

shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention because of material and newly discovered circumstances shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records

ORDER - 3

related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

      4.    If a party desires that another court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 25, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4