S. Peter Serrano
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:23-CR-02052-SAB |
| Plaintiff, | PLAINTIFF'S SENTENCING MEMORANDUM |
| vs. | |
| DAVID ALLEN VICKERS, | |
| Defendant. | |

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

OFFENSE LEVEL & CRIMINAL HISTORY

The United States agrees with the calculations contained in the Presentence Investigation Report (hereinafter "PSIR"): (1) total offense level is 26; (3) criminal history category is VI; and (4) the guideline range is 120-151 months.

Pursuant to the term of the plea agreement, the parties are free to recommend any legal sentence. (ECF # 55).

II.

DEPARTURES

The government is not recommending a departure from the guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The Defendant is a career offender who has victimized the Yakima area for decades. The Defendant has the following convictions: (1) Driving under the Influence (1991); (2) Hit and Run (1991); (3) Driving under the Influence (1992); (4) Fourth Degree Assault (1994); (5) Residential Burglary (1996); (6) Fourth Degree Assault (1997); (7) Conspiracy to Deliver Marijuana (1997); (8) Malicious

Injury to Property (1996); (9) Delivery of a Controlled Substance (1998); (10) Resisting Arrest (2008); (11) Driving under the Influence (2006); (12) Fourth Degree Assault (2008); (13) Assault (2008); (14) Possession of Methamphetamine (2008); (15) Obstruction (2010); (16) Forgery (2012); (17) Forgery/Possession of Stolen Property (2012); (18) Violation of Protection Order (2010); (19) Residential Burglary (2012); (20) Possession of Methamphetamine with Intent to Deliver (2012); (21) First Degree Possession of Stolen Property (2012); (22) Felon in Possession of a Firearm (2013); (23) Forgery (2014); (24) Theft of Motor Vehicle (10 months); (25) Possession of Stolen Vehicle (2021); and (26) Residential Burglary, Theft of Motor Vehicle, Attempt to Elude, and Third Degree Assault (2021).

    The Defendant's prior Felon in Possession of a Firearm (2013) conviction was much more serious than simply possessing a firearm. Rather, in that case, the Defendant entered a family-owned small grocery store with a shotgun. The Defendant pointed the shotgun at the clerk and demanded money. The victim grabbed the shotgun and a fight ensued. The gun discharged multiple times during the struggle. The Defendant ran away and was quickly apprehended. The Defendant was sentenced to 188 months in federal prison. However, the Defendant was resentenced due to a change in the law.

The Defendant will simply not stop committing crimes. In the instant case, while under a term of community supervision, the Defendant was found sleeping behind the wheel of his car at a green traffic light. A police officer approached the vehicle and spoke with the Defendant. The officer believed the Defendant was under the influence. The officer observed the Defendant throw a gun into the rear of the vehicle. The Defendant advised the officers that there was fentanyl and methamphetamine in the vehicle. A bag of pills was recovered from the Defendant's pocket. The Defendant's cell phone was searched which revealed that the Defendant had been engaged in drug dealing.

The Defendant was detained in the instant case pending trial. On July 29, 2025, the Defendant pled guilty. The Defendant requested that he be released pending sentencing due to his medical issues and that he wanted to secure medical treatment. The Defendant was released pending sentencing. The Defendant violated his conditions of supervised release within 72 hours of his release. On August 7, 2025, the Defendant cut off his GPS device and fled to the Western District of Washington. Due to the skill of the United States Marshals Service, the Defendant was found and apprehended.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. The Defendant was driving a vehicle while intoxicated, with drugs and a firearm. The Defendant was under a term of

community supervision at the time. The Defendant has more than 25 separate convictions. The Defendant has no respect for the law. The Defendant absconded from pretrial release in the instant case. The Defendant's 30-year criminal history demonstrates that he will immediately commit more criminal acts if released back into the community. The United States submits that a 151-month term of imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his lengthy criminal history, the Defendant has not been deterred from engaging in criminal activity. Prior terms of incarceration failed to deter the Defendant from possessing a firearm. Community supervision failed to deter from committing crimes. The United States submits that a lengthy term of imprisonment is required.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community. The Defendant has a history of violent behavior and was in possession of drugs and a firearm. The Defendant has a long history of assault, residential burglary, drug dealing, possession of firearms, and driving under the influence. The Defendant has repeatedly demonstrated he will not stop engaging in criminal activity. The Defendant has

repeatedly demonstrated he will not follow orders issued by any court. The Defendant is a repeat criminal who will not stop committing crimes.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of medical care.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

As to the instant offense, the government recommends that the Court impose a sentence of 151 months to be followed by 3 years of supervised release.

Respectfully submitted this 24th day of October 2025.

S. Peter Serrano
United States Attorney

s\ Thomas J. Hanlon
Thomas J. Hanlon
Assistant United States Attorney

I hereby certify that on October 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following:  Ricardo Hernandez

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA    98901
(509) 454-4425
