Rick Hernandez
HERNANDEZ LAW OFFICES, LLC
P.O. Box 1039
Sunnyside, WA. 98944
(509) 837-3184

Attorney for David Allen Vickers

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ALLEN VICKERS,<br><br>Defendant. | No. 1:23-CR-02052-SAB-1<br><br>Defendant's Review of Presentence Investigation Report, Objections to the Presentence Investigation Report and Sentencing Memorandum |

    Defendant, David Allen Vickers, by and through his attorney Ricardo Hernandez, submits the following Review of Presentence Investigation Report.

    I.    PRESENTENCE INVESTIGATION REPORT:

    A. Offense Level and Adjustments:

    Pursuant to the Presentence Investigation Report (PSIR), the Defendant's base offense level is a 26, PSIR ¶ 327.

    B. Special Offense Characteristics and Role Adjustments:

    Pursuant to the PSIR ¶ 23-25, the offense level is increased by 2 levels for obstruction of justice. Pursuant to the PSIR ¶ 26-29, a 3-level reduction for acceptance of responsibility is not appropriate.

SENTENCING MEMORANDUM    - 1 -

C. Criminal History:

The defendant agrees that his criminal history results in a criminal history category of VI.

D. Guideline Range:

Pursuant to the PSIR ¶ 308, the total offense level is 26, the criminal history category is VI, and the applicable guideline range is 120-150 months. The court may impose a term of supervised release of not more than 3-years. PSIR ¶ 309.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553 (a)**

As this court knows, the Sentencing Guidelines are now advisory, rather than mandatory. United States v. Booker, 125 S.Ct. 738, 756-57 (2005). While the Court must consider guideline ranges, the Court is permitted to tailor the sentence in light of other statutory concerns as well. 18 U.S.C. § 3553 (a)(4).

The purpose of the Sentencing Reform Act is to…reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, [and] protect the public. Booker, at 765; 18 U.S.C. § 3553(a)(2). A district court must not accord more weight to the Guidelines than to other factors under § 3553(a).

(1) The nature and circumstances of the offense and the history and characteristics of the defendant

The nature and circumstances of the offense was serious as Mr. Vickers possessed a firearm. Mr. Vickers had a very difficult and traumatic upbringing. Essentially, Mr. Vickers suffered a childhood that was marred by neglect, abuse, and abandonment.

David was primarily raised by his Father and Grandmother. His Mother was absent the majority of the time as she would come and go. Like David, both of his parents suffered from significant substance abuse issues. His Mother would leave for months at a time, return briefly and leave again as she was paranoid from drug use and would wander the neighborhood looking for his sisters even though they were home.

David was also molested at the age or nine or 10 by his step aunt and uncle who made him engage in oral sex while the adults were out of the house. The abusers were approximately 13 and 15 years of age at the time of the assault.

David's Father was a drug dealer and an addict for most of David's life. David began using drugs and alcohol at a very young age. His Father recruited David into the drug business.

When David was only 15 years of age, his parents were both arrested for drug distribution. His Father was sentenced to 12 years in prison,

SENTENCING MEMORANDUM                - 3 -

while his Mother was sentenced to 8 years in prison. David went to live with his Grandmother and was separated from his sisters. David's mental health suffered tremendously to the point where he became suicidal.

When David was 17, his Father's drug associates got him back into dealing drugs. David was a full blown addict as well. Due to his addiction and his lifestyle, David has spent most of his adult life in prison.

David currently has stage 4 Cirrhosis of the liver and is in need of a liver transplant. Please see the medical document from Yakima Gastroenterology Associates, Exhibit A, filed under seal. David's current Model for End-Stage Liver Disease (MELD) score is 17. This means his liver disease is moderate to severe and getting worse. This score indicates a higher risk of mortality and usually means a person is a higher priority for a liver transplant.

A recheck of a person's MELD score is typically recommended every three months. A score of 17 makes a person a more urgent candidate for a liver transplant. Since his last score of 17 which was done back on May 13, 2025 at Yakima Gastroenterology Associates by Dr. Soly R. Houy, Mr. Vickers has not had a retest of his MELD score.

In addition, a 53-year-old male with stage 4 cirrhosis (end-stage liver disease) and a MELD score of 17 has a significantly reduced life

expectancy, with many patients living less than a year without a liver transplant.

The MELD score of 17 indicates a high risk of mortality, with some studies showing a cutoff of 15 or 16 for a high 30-day or 90-day mortality risk. Cleveland Clinic https://my.clevelandclinic.org and ubiehealth.com https://ubiehealth.com

After researching whether or not there is any record of a Federal Bureau of Prison conducting a liver transplant on a prisoner, counsel was unable to find one.

David also suffers from Hepatic Encephalopathy, which is a neuropsychiatric syndrome caused by a diseased liver's inability to filter toxins, like ammonia, from the blood, allowing them to reach the brain. Symptoms range from subtle cognitive and mood changes to confusion, memory loss, and even coma, depending on the severity.

David also has Esophageal Varices which are enlarged veins in the esophagus that can rupture and cause severe bleeding, a potential life-threatening complication of portal hypertension, most often caused by cirrhosis. David has had three surgeries for this condition. David also needs surgery to repair a detached triceps.

David is taking several medications for his liver to manage his symptoms and his also taking an anti-depressant.

Despite his current health conditions, David has continued to struggle tremendously with his drug addiction. He was released from jail with an opportunity to seek medical assistance for his liver condition but had a relapse and was unable to follow through. While he was out briefly, Mr. Vickers went to the National Alliance Mental Institute in Yakima, WA. Mr. Vickers went to the NAMI for help with social security and mental health. And although he has gone to treatment 7 times in his lifetime, he's only been able to complete inpatient treatment once at the Spokane Valley ABHS. Mr. Vickers would like to participate in the STEP Program.

Mr. Vickers recently underwent a forensic mental health evaluation. See Forensic Mental Health Evaluation by Dr. Kathy Lanthorn-Cardenas, CFMHE, EdD, LMHC, Exhibit B, filed under seal. In summary, Dr. Lanthorn-Cardenas diagnosed Mr. Vickers with Posttraumatic Stress Disorder (PTSD), Major Depressive Disorder (MDD), Moderate, Recurrent, with Anxious Distress, and Amphetamine-Type Use Disorder, Severe, in Sustained Remission, in a controlled environment.

Dr. Lanthorn-Cardenas indicates that Mr. Vickers's symptoms of PTSD include intrusive distressing memories of past traumatic events, efforts to avoid reminders of past trauma, distorted blame about the

cause of the trauma, a persistent negative emotional state, reckless and self-destructive behavior, hypervigilance, and sleep disturbances.

His symptoms of MDD include depressed mood nearly every day, feelings of worthlessness, poor concentration, decrease in appetite, insomnia, and recurrent thoughts of death. These symptoms are accompanied by anxious distress, including feeling restless, tense, constant worry, and fearing death for himself and his loved ones.

Mr. Vickers' substance use disorder is currently in remission in a controlled environment.

Dr. Lanthorn-Cardenas states that Mr. Vickers' mental health and substance use conditions contributed to his criminal behavior by impairing his impulse control, judgment, emotional regulation, and decision making skills. His mental health conditions increased his vulnerability to substance use as a coping mechanism, thereby reinforcing maladaptive patterns of behavior and impairing his ability to assess the consequences of his behavior.

She further states that Mr. Vickers requires a treatment protocol that is trauma-informed and includes individual and group psychotherapy, Psychiatric medication management, case management services, and Occupational or vocational rehabilitation.

She indicates that Mr. Vickers is amendable to treatment and has no

language or cognitive barriers that would impede his ability to benefit from mental health services. His current physical health condition may require coordination between medical and mental health providers to ensure he can fully participate in and sustain treatment.

Mr. Vickers desires to participate in mental health counseling.

Mr. Vickers is currently on a Yakima Superior Court Drug Offense Sentencing Alternative Sentence.

(2). <u>Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

By accepting responsibility, the defendant has shown respect for the law. Any sentence that this court imposes is surely adequate to reflect the seriousness of the offense, to promote greater respect for the law, and to provide just punishment for the offense.

(3). <u>Need for the sentence to afford adequate deterrence to criminal conduct.</u>

Given the overall circumstances of the offense and the defendant's personal history, and life-threatening medical issues, we believe that a sentence of credit for time served will afford adequate deterrence to further criminal conduct.

(4). <u>Need to protect the public from further crimes of the defendant.</u>

SENTENCING MEMORANDUM                - 8 -

Given the defendant's life-threatening medical issues, and the recommended length of supervised release, we believe that the public will be protected from further crimes of the defendant.

(5). <u>Need for sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The defendant will avail himself of any educational or vocational training, medical care, and counseling that is available to him.

(6). <u>The kinds of sentences available.</u>

The court may impose any appropriate prison sentence.

(7). <u>The advisory guideline range.</u>

The advisory guideline range according to U.S. Probation is 120-150 months.

## OBJECTIONS TO THE PSIR

1. Page 2 under Alias(s): Mr. Vickers states that he has never used the name Christopher Allen Miller

2. Page 2 under Alternate IDs: Mr. Vickers states that that he has never used the date of birth of 12/16/73. He further states that he is not a white supremacist. He states that his driver's license number WA VICKEDA288CW was his previous driver's license number. He says that he has never obtained an Oregon State

Identification number. He states that his previous Department of Corrections #748921 was a valid DOC#.

3. Paragraphs 23-25, 36. Mr. Vickers indicates that a 2-level increase per USSC Section 3C1.1 should not apply.

4. Paragraph 29. Mr. Vickers states that he should be entitled to a 3-level reduction for acceptance of responsibility.

5. Paragraph 33. Mr. Vickers does not believe that the 4-level increase applies based upon the facts of the case.

6. Paragraph 260. Mr. Vickers states that he was suffering from issues related to his diagnosis of stage 4 cirrhosis of the liver.

7. Paragraph 262. Mr. Vickers states that he never saw the mail nor did he know anything about it.

8. Paragraph 263. Mr. Vickers states the medication was too strong.

9. Paragraph 264. Mr. Vickers says he did take the medication.

10. Paragraph 265. Mr. Vickers states he was not high.

11. Paragraph 266. Mr. Vickers denies acting as a lookout.

12. Paragraph 267. Mr. Vickers states these allegations are false.

13. Paragraph 283. Mr. Vickers objects to any medical opinion made by the Health Services Administrator with regard to his liver because the administrator is not a liver specialist.

## CONCLUSION

In consideration of the 18 U.S.C. 3553 (a) factors, the defendant respectfully requests that the court impose a sentence of credit for time served followed by a term of supervised released.

DATED this 25th day of November 2025.  Respectfully Submitted,

s/ Ricardo Hernandez
Ricardo Hernandez

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney, Thomas J. Hanlon.

s/ Ricardo Hernandez
Ricardo Hernandez

# EXHIBIT A

(Yakima Gastroenterology Associates)

# EXHIBIT B

(Forensic Mental Health Evaluation)